UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGGIE L. MCCARVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-00007-JCH |
| | ) |
| ZACHARY A. DRISKILL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Reggie L. McCarver, currently an inmate at the Western Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess a $1.70 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs and a copy of his certified inmate account statement from the Fulton Reception and Diagnostic Center ("FRDCC"). A review of plaintiff's account indicates he was recently employed at FRDCC, earning $8.50 per month. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by using excessive force during a traffic stop. Named as defendants are Zachary A. Driskill, a lieutenant with the Crawford County Sheriff's Department, and the Crawford County Sheriff's Department. Both defendants are named in their individual and official capacities.

Plaintiff states that on June 22, 2018, Lt. Driskill pulled him over on Highway 19 for a traffic violation. Plaintiff alleges that during this traffic stop, Lt. Driskill punched him in the face. A few weeks later, while plaintiff was being held in the E-wing of the Crawford County jail, Lt. Driskill came to plaintiff's cell and said that "he would not [have] punched me if I wouldn't [have] scuffed his shoes."

Plaintiff states that because of Lt. Driskill's assault, he suffers face pain, a chipped tooth, nerve damage that creates a loss of feeling in his face and teeth, numbness, tingling, itching, and irritation. He states that his face feels like there is something crawling on it, "and I've just got to wipe it all the time." He also alleges that his sense of smell and taste have been compromised. As to his mental health, plaintiff states he "suffered traumatic emotional damage and confusion from the comments Lieutenant Zachery A. Driskill has made afterwards to me in front of all my peers."

For relief, plaintiff seeks $750,000 in damages.

## Discussion

The Court analyzes excessive force claims in the context of seizures under the Fourth Amendment, applying its reasonableness standard. *See Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). The "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some

degree of physical coercion or threat thereof to effect it." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). To establish a constitutional violation, the test is whether the amount of force used was objectively reasonable from the perspective of a reasonable officer on the scene and under the particular circumstances. *See id.*; *Graham*, 490 U.S. at 396.

The Court finds that plaintiff has stated a plausible claim of excessive force in violation of the Fourth Amendment against Lt. Driskill arising out of the traffic stop on June 22, 2018. The Court will order the clerk to issue process on Lt. Driskill in his individual capacity.

Plaintiff's claims against Lt. Driskill in his official capacity, however, will be dismissed. To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's claims against Lt. Driskill in his official capacity will be dismissed.

As to plaintiff's claims against the Crawford County Sheriff's Department, a local governmental body such as a county is considered a "person" subject to § 1983 liability. *See Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005). A county, however, may be held liable only for constitutional violations that result from its policies or customs. *See Monell*, 436 U.S. at 690-91, *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 811 (8th Cir. 2012). Plaintiff's complaint alleges no constitutional violations that result from any policies or customs of Crawford County. The Court will dismiss plaintiff's complaint as to defendant Crawford County Sheriff's Department.

Finally, plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*,

728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time.  The Court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**.  [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Zachary A. Driskill in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's complaint against defendant Zachary A. Driskill brought in his official capacity and all claims against defendant Crawford County Sheriff's Department are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 6th day of June, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE